```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

CLAYTON BROWN,                 )
                               )
        Petitioner     )
                               )
        v.             )    No. 3:11-CV-148
                               )
SUPERINTENDENT, INDIANA        )
STATE PRISON,                  )
                               )
        Respondent.    )

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the Court to review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. For the reasons set forth below, the Court **GRANTS** the petitioner leave to proceed on ground one of his petition for writ of habeas corpus, that the hearing officer denied him evidence, and on ground four in which he asserts that there was no evidence in the record to support a finding of guilt, and **DENIES** him leave to proceed on claims two and three of his petition.

BACKGROUND

Petitioner Clayton Brown, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus

pursuant to 28 U.S.C. section 2254, challenging the results of a prison disciplinary hearing. A disciplinary hearing officer found Brown guilty of possession of intoxicants and sanctioned him with a loss of "fifteen (15) days earned credit time, two (2) weeks commissary, and permanent loss of contact visitation" (DE 1 at 1).

DISCUSSION

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground two of his petition, Brown asserts the Disciplinary Hearing Board "denied [him] the opportunity to utilize the lay advocate" [DE 1 at 3]. But the Constitution does not entitle a prisoner to a lay advocate at a prison disciplinary hearing unless he is illiterate or the charge against him is so complex that it is

unlikely that he will be able to collect and present the evidence necessary for an adequate comprehension of the case. *Wolff v. McDonnell,* 418 U.S. at 570; *Miller v. Duckworth*. 963 F.2nd 1002, 1004 (7th Cir. 1992). Nothing in this record suggests that Brown is illiterate or was unable to gather evidence, and the charge against him was simple.

In ground three of his petition, Brown asserts that the hearing officer was not "impartial" because she "wrote down only what she wanted in the official record" and "appears to have intentionally suppressed" exculpatory evidence" (DE 1 at 4).

Due process requires that decision-makers in prison disciplinary proceedings be impartial in that they have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff v. McDonnell*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). *Wolff* does not guarantee that a prisoner will have skilled and knowledgeable hearing officers who will not make mistakes; what *Wolff* does guarantee is that the author of the conduct report or someone involved in investigating the incident does not serve as a hearing officer. *Redding v. Fairman*, 717 F.2d at 1113. Nothing in Brown's statement of facts supports an allegation that his hearing officer was not impartial within the meaning of *Wolff v. McDonnell*.

In ground one of his petition, Brown alleges that the hearing officer denied him evidence, and in ground four, he asserts that there was no evidence in the record to support a finding of guilt. Giving Brown the benefit of the inferences to which he is entitled at this stage of the proceedings, these grounds may state claims upon which relief may be granted.

CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Petitioner leave to proceed on ground one of his petition for writ of habeas corpus, that the hearing officer denied him evidence, and on ground four in which he asserts that there was no evidence in the record to support a finding of guilt;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, **DENIES** the Petitioner leave to proceed on grounds two and three of his petition; and

(3) **DIRECTS** the Clerk's Office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the order to show cause.

**DATED: May 13, 2011** /S/RUDY LOZANO, Judge
**United States District Court**

4