UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLAYTON BROWN,                      )
                                    )
      Petitioner,                   )
                                    )
            v.                      )        CAUSE NO. 3:11-CV-148
                                    )
SUPERINTENDENT,                     )
                                    )
      Respondent.                   )

## OPINION AND ORDER

This matter is before the court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Clayton Brown, a *pro se* prisoner, on April 12, 2011, and the motion for summary judgment filed by Brown on June 4, 2013.  For the reasons set forth below, the summary judgment motion (DE 27) is **DENIED AS MOOT**; the habeas corpus petition (DE 1) is **GRANTED**; the Respondent is **ORDERED** to remove the finding of guilt for ISP 10-11-208 from Clayton Brown's record, to restore the fifteen days earned credit time that he lost as a result of that hearing and to send proof of compliance with this order by December 5, 2013.

BACKGROUND

Clayton Brown, a *pro se* prisoner, was found guilty of possessing intoxicants in violation of B-231 by the Disciplinary Hearing Body (DHB) at the Indiana State Prison on November 29,

2010, under cause number ISP 10-11-208. Because he was sanctioned with the loss of fifteen days earned credit time, he can challenge that prison disciplinary hearing in this habeas corpus proceeding. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement.)

Brown was removed from his cell between 4:00 p.m. and 5:00 p.m. on November 14, 2010. DE 13-9.  The cell was left open (DE 13-9), but officers returned around 9:40 p.m. to pack up his property. DE 13-1 and 13-2.  While doing so, they found liquid in a bottle that smelled like an intoxicant.  *Id.*  Because it was found in his cell, Brown was charged with possessing the intoxicant. DE 13-1.

At his hearing, Brown said that he does not drink and that someone else left it in his cell.  DE 13-8.  He argues that when his cell was left open while he was gone, someone else put/left the bottle in his cell while stealing his stuff.[1]  As a result, he asked for a video review.  When he was screened, he asked for "camera."  DE 13-3.  Though that request was vague, on November 22, 2010, S. Nolan reviewed the video of the cell for November 14, 2010, at 9:40 p.m.  DE 13-6.  Brown states that on November 23, 2010, he told the DHB that 9:40 p.m. was not the relevant time and

---

[1]He alleges that the officer's inventory of his property does not include everything that was in his cell when he was taken away earlier in the day.  There is no evidence on this point and it is irrelevat to this decision.

that the tape needed to reviewed from 4:00 p.m. to 5 p.m. DE 13-9.
Though this request was not officially documented, the respondent
does not dispute that it occurred.   Moreover, its occurrence is
corroborated by the fact that B. Leonard continued the hearing on
November 23, 2010 (DE 13-5) and then reviewed the video on November
24, 2010. DE 13-6.

DISCUSSION

An accused inmate has the right to present relevant,
exculpatory evidence.   *Wolff v. McDonnell*, 418 U.S. 539, 566
(1974).   The DHB may deny a witness or evidence that threatens
institutional goals or is irrelevant, repetitive, or unnecessary.
*Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).   The DHB is
given a great deal of leeway in handling evidence and witness
requests, but they cannot arbitrarily reject a request for no
legitimate reason.   *Whitlock v. Johnson*, 153 F.3d 380, 388 (7th
Cir. 1998).

Here, the DHB did not exclude the video as irrelevant,
repetitive or unnecessary.  Indeed, the video showing what happened
after Brown was taken from his cell is relevant and potentially
exculpatory.  However, there is no indication that the segment from
4:00 p.m. to 5 p.m. was watched. The only time reference on the
Video Review Form is that the time of the incident was 9:40 p.m.
DE 13-6.

3

The first reviewer summarized what was seen: "While viewing the camera your unable to see the incident due to the fact that the range is to dark at this time." *Id.*   Then B. Leonard's summary stated: "It was dark, but you can see staff in the cell at this time, it is just too dark to see what that bring out." *Id.*   It appears that these summaries are describing the same video footage. Neither mentions seeing Brown taken from the cell.  Though it was dark, it was not so dark that it was impossible to see the staff. If the correct segment of the video had been watched, it is implausible to believe that the reviewer could not have seen Brown and that the summary would have mentioned that he was escorted away. It is unclear why the DHB did not review the requested, relevant portion of the video, but it is clear that it did not.  As such, Brown was denied due process. *See Viens v. Daniels*, 871 F.2d 1328, 1336 n.2 (7th Cir. 1989) (A DHB may not arbitrarily refuse to consider exculpatory evidence simply because the record already contains the minimal evidence of guilt required by *Superintendent v. Hill*, 472 U.S. 445 (1985)).

The court requested this video, but the respondent has informed the court that it cannot be located.   DE 26 at 2. Although generally prison officials would be free to retry an inmate who was denied due process at an earlier hearing (*see Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996)), here that is not possible because the requested video does not exist and thus it is

impossible to remedy the due process deprivation.  Therefore the habeas corpus petition will be granted, the finding of guilt removed from Brown's record, and his fifteen days of earned credit time restored.

Finally, though Brown raises other grounds for habeas corpus relief, it is unnecessary to address them since he has prevailed on his claim that he was denied due process when the DHB did not review the requested, relevant video segment.  Additionally, because the summary judgment motion was superfluous, it need not be addressed and will be denied as moot.

CONCLUSION

For the reasons set forth above, the summary judgment motion (DE 27) is **DENIED AS MOOT**; the habeas corpus petition (DE 1) is **GRANTED**; the Respondent is **ORDERED** to remove the finding of guilt for ISP 10-11-208 from Clayton Brown's record, to restore the fifteen days earned credit time that he lost as a result of that hearing and to send proof of compliance with this order by December 5, 2013.

DATED: October 16, 2013          /s/RUDY LOZANO, Judge
                                 United States District Court